UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ZURICH AMERICAN INSURANCE                :
COMPANY OF ILLINOIS,                     :
                                         :
               Plaintiff,                :
                                         :
               v.                        :      No. 5:16-cv-01764
                                         :
ALL COUNTY EMPLOYMENT                    :
SERVICES, INC.,                          :
                                         :
               Defendant.                :
_____

## MEMORANDUM OPINION

**Plaintiff's Motion for Summary Judgment, ECF No. 28 – Granted**

**Joseph F. Leeson, Jr.**                                                 **December 20, 2016**
**United States District Judge**

### I.    Introduction

    Plaintiff Zurich American Insurance Company of Illinois issued Defendant All County Employment Services, Inc. a one-year workers' compensation insurance policy. Zurich claims that All County failed to pay the full amount of the insurance premium, and it has sued All County for breach of contract. Zurich now moves for summary judgment. All County did not respond. Because the undisputed facts show that All County breached its obligation to pay Zurich, summary judgment is granted in Zurich's favor.

### II.   Background

    Zurich issued All County a one-year workers' compensation insurance policy in July 2014. At that time, it prepared an estimate of the cost of the policy based on All County's anticipated exposure to workers' compensation obligations over the coming year. *See* Totzke Aff. ¶ 7, ECF No. 28-4; Totzke Aff. Ex. B, at 4,[1] ECF No. 28-6 [hereinafter Policy]. Under the terms of the policy, All County was to make premium payments based on that estimate, and at the end of the term, Zurich would review All County's records and calculate the true cost of the policy based on All County's actual exposure over the prior year. Totzke Aff. ¶ 7; Policy § 5(E)-

_____

[1]     The insurance policy documents contained in Exhibit B to Sheryl Totzke's affidavit are not uniformly numbered, so all page number citations to the policy correspond to the pages of the Exhibit, not to any numbering on the documents themselves. Citations to sections of the policy, however, do correspond to the policy's internal organization.

1

(G). If the final cost turned out to exceed the original estimate, All County owed Zurich the difference, and vice versa. *Id.*

The one-year term ended on July 23, 2015. As contemplated by the policy, Zurich then performed an audit of All County's records and concluded that All County's exposure during the period had been higher than anticipated. Totzke Aff. ¶ 8. Accordingly, it issued All County an invoice for $160,634, which represented the difference between Zurich's calculation of the final cost of the policy and the amount of premium payments that All County had made based on the policy's estimated cost. *Id.*; Totzke Aff. Ex. C, ECF No. 28-7. The invoice was dated January 11, 2016, and called for payment by January 29, 2016. Totzke Aff. Ex. C, at 5. Included with the invoice was an audit report that Zurich prepared, which explained how Zurich arrived at the final premium. *Id.* at 1-4.

Between January 22 and February 18, the two sides exchanged a series of emails about the invoice; in one of them, All County stated that it had "some fundamental questions" about Zurich's calculation and had "engag[ed] an expert in these areas to help [it] validate or invalidate [Zurich's] claim," but All County did not further elaborate. Totzke Aff. Ex. D, at 2, ECF No. 28-8. Zurich asked All County to describe its concerns in greater detail, but it appears that All County did not respond. *Id.* at 1. Zurich filed this suit soon after.

Discovery closed without All County either identifying any particular error in Zurich's audit report or submitting any expert reports to challenge Zurich's calculation of the final premium. Kadian Aff. ¶¶ 7-8, ECF No. 9. The $160,634 invoice still has not been paid. Totzke Aff. ¶ 10.

Zurich moved for summary judgment on this record. All County did not respond.

### III. Legal standard – Summary judgment

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact"—that is, that no reasonable jury could return a verdict for the nonmoving party—and that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "[A] party seeking summary judgment . . . bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where, as here, the moving party bears the burden of proof at trial, it "must show that it has produced enough evidence to support the findings of fact necessary to win." *El v. Se. Pa. Transp. Auth. ("SEPTA")*, 479 F.3d 232, 237 (3d Cir. 2007) (citing *Marzano v. Comput. Sci. Corp.*, 91 F.3d 497, 502 (3d Cir. 1996); *Sorba v. Pa. Drilling Co.*, 821 F.2d 200, 202-03 (3d Cir. 1987)).

All County has not responded to Zurich's motion, but that does not mean that it may be granted automatically. *See* Fed. R. Civ. P. 56(e)(3) advisory committee's note to 2010 amendment (recognizing that "summary judgment cannot be granted by default even if there is a

complete failure to respond to the motion"). Instead, the court must still ensure that "the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). "Where the moving party has the burden of proof on the relevant issues, this means that the district court must determine that the facts specified in or in connection with the motion entitle the moving party to judgment as a matter of law." *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990).

## IV.    Summary judgment is warranted in Zurich's favor.

To make out its breach of contract claim, Zurich must prove that "there was a contract, [All County] breached it, and [Zurich] suffered damages from the breach." *McShea v. City of Phila.*, 995 A.2d 334, 340 (Pa. 2010).[2] All County has admitted that the policy was a valid contract between the parties and that it has not paid Zurich the additional $160,634 that it demanded following its audit of All County's records. *See* Kadian Aff. Ex. B, ¶¶ 6, 18, ECF No. 28-11.[3] The only question, then, is whether All County's failure to pay amounts to a breach of the policy such that Zurich "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The policy provides that the premium stated on the face of the policy is simply an estimate, and "[t]he final premium will be determined after [the] policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by [the] policy." Policy § 5(E). The policy contemplated that Zurich would audit All County's records after the end of the policy term and that "[i]nformation developed by audit [would] be used to determine [the] final premium." *See id.* § 5(G). The policy then provides that "[i]f the final premium is more than the premium you paid to us, you must pay us the balance. If it is less, we will refund the balance to you," *id.* § 5(E), and an endorsement to the policy provides that "[t]he due date for audit and retrospective premiums is the date of the billing," *id.* at p. 19.

The evidence Zurich has produced shows that it audited All County's records, determined the final premium based on All County's actual exposure during the period (as evidenced by the audit report that Zurich prepared, *see* Totzke Aff. Ex. C), concluded that the final premium was greater than the premium that All County had paid, and billed All County for the difference. Under the terms of the policy, that would appear to trigger All County's obligation to pay the difference by the date specified in the invoice.

All County's explanation for its failure to do so is that it disagrees with Zurich's calculation of the final premium. *See* Answer ¶ 13, ECF No. 6; Kadian Aff. Ex. B, ¶ 18. But even assuming that the policy affords All County some right to dispute Zurich's calculation,[4] the

---

[2]   In its complaint, Zurich also stated two other claims, but Zurich seeks summary judgment only on this one. All three claims seek the same relief: the $160,634 that All County failed to pay.
[3]   Exhibit B to Dennis Kadian's affidavit contains a series of requests for admission that Zurich served and All County's responses to them.
[4]   The policy does not expressly provide All County with any mechanism to dispute Zurich's calculation of the final premium—it simply states that Zurich will determine the final premium after the policy ends, and All

record shows that All County failed to produce any evidence to call Zurich's calculation into question or even identify any particular error that it believes that Zurich made. Accordingly, the undisputed facts show that All County was obligated to pay Zurich the amount it demanded and that All County did not do so. Zurich is therefore entitled to summary judgment on its breach of contract claim.

**V.      Conclusion**

Under the terms of the insurance policy that Zurich issued, All County was obligated to pay an additional premium to Zurich at the end of the policy term if Zurich determined that the actual cost of the policy exceeded the payments that All County made during the life of the policy. The undisputed facts show that Zurich determined, consistent with the policy, that the final premium was $160,634 higher than the payments All County had already made. They also show that All County has failed to pay that amount. Accordingly, Zurich is entitled to summary judgment on its breach of contract claim.

A separate order entering judgment in Zurich's favor follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

County is required to pay the difference if that final premium exceeds the premium payments All County made during the life of the policy. Presumably, Zurich was obligated to calculate the final premium in accordance with the methodology specified in the policy—that is, to calculate the premium by using "the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by [the] policy," *see* Policy § 5(E), and to follow the procedures in Zurich's "manuals of rules, rates, rating plans and classifications," *see id.* § 5(A)—and presumably, All County could challenge whether Zurich's calculation conformed to that framework. But the policy does not appear to afford All County any broader right to second-guess Zurich's calculation.